Mr. Justice Smith
delivered the opinion of the court.
The plaintiffs in error brought an action in the circuit court of Marshall, against the defendant as the administrator of William M. Bostwick’s will. Pending this suit, the estate of Bostwick was declared insolvent by the probate court of said county, and commissioners were appointed to audit claims against it. The demand for which the plaintiffs had instituted suit in the circuit court was never definitively acted on by the commissioners, who made their report in 1844. This report did not contain an allowance of this claim. McQueen did not except to the report, when rendered in the probate court, on that account; nor did he make use of any means to protect the rights of the plaintiffs, in regard to this claim, before that court.
The report of the commissioners, after reference had upon exceptions taken thereto by McQueen, was confirmed in May, of the same year. The exceptions of McQueen did not refer to the claim of plaintiffs, who prosecuted their suit in the circuit court, •and obtained judgment against him in August, 1846, for $819.19.
Afterwards the plaintiffs filed an abstract of this judgment in the probate court, and cited the defendant to render an account of assets. This was done. But the defendant resisted an allowance of their claim by said court, on the ground that the report of the commissioners and its confirmation had effectually barred it. By the decree of that court ordering a distribution of the effects of Bostwick’s estate amongst his creditors, their claim was excluded; which decree, upon writ of error to this court, was affirmed. 12 S. & M. 575.
Assuming it to have been the duty of the defendant, as the administrator of Bostwick, to notify the commissioners of the existence of the suit by plaintiffs against him, then pending in the circuit court, and to take the necessary and appropriate steps *313 before the commissioners and in the probate court, when their report was brought up for confirmation, for the protection of their claim, the plaintiffs sued out of the circuit court a scire facias, and seek to make the defendant responsible for the loss of their demand against his intestate’s estate. The scire facias charges the omission to perform these duties as an act of maladministration for which he is liable. The demurrer interposed by defendant in the court below, and which was sustained, raises the only question in the case.
If it be the duty of an administrator, under the state of facts above detailed, to bring before the commissioners of insolvency a claim against his intestate, and to urge its allowance or to except to their report because it was not allowed, and to insist in the probate court, that a portion of the assets, sufficient to meet the claim in the event of its being established by judgment in the circuit court,— his neglect to perform these acts, by which neglect the claim shall be barred as to his intestate’s estate, would make him responsible for the loss in some form of action. For the present we shall confine our inquiries to the question of his liability.
If the defendant is liable, his liability must result from the violation of some duty connected with the general relation in which he stood to the parties, or which was imposed by some specific provision of the statute.
As trustee for the just and legal creditors of the estate, as well as for those persons who were entitled to the succession, it was the duty of the defendant to resist the payment of all demands which he believed to be unjust, or which were not authenticated by the required proofs. As the representative of the intestate, and as trustee for the creditors generally, in regard to each specific claim he stood in the attitude of a defendant. And if, as such, he was bound to defend the suit pending in the circuit court, he was under an equal obligation to object to an allowance of the same demand by the commissioners. It is not perceived how an obligation on the part of an administrator to protect or advocate the allowance of a particular claim against the estate in his charge, can be deduced from his general duty to contest *314 the payment of all unfounded and illegal demands asserted against the same.
The rights and duties of executors and administrators, in regard to insolvent estates, are clearly designated by the statute. When the estate, both real and personal, of a decedent, shall be insufficient to pay all just debts which such decedent owed, it is the duty of the executor or administrator to suggest such insolvency to the probate court, and to file an account exhibiting the true condition of the estate under his charge. And if upon such showing the estate shall be declared insolvent, his obligation and authority to apply the assets in payment of debts, except those “ due for the last sickness and necessary funeral expenses of .the deceased,” are suspended. Hutch. Dig. 667, § 103. The power to decide upon the validity,1 of demands against the estate of the deceased is transferred to the commissioners of insolvency. The executor or administrator is no party to their proceeding. In common with the creditors of the estate, he has a right to except to the report of the commissioners. But this privilege of exception on the part of the executor or administrator is designed for a purpose directly opposite to that for which it is secured to the creditor. The creditor may except because his claim has, in whole or in part, been rejected. The executor may object because the claim of the creditor has, in whole or in part, been allowed. To this single privilege of exceptions are the rights and duties of executors and administrators, as such, restricted, in reference to the proceedings of commissioners of insolvency, unless, as it is argued, the statute of June 30, 1822, Hutch. Dig. 673, Art. 2, § 1, has imposed an additional duty on them in regard to claims in suit at the time of the decree of insolvency.
That statute enacts “ that in case any suit shall be pending against an executor or administrator, at the time he, she, or they shall represent the estate of the testator or intestate insolvent, such suit shall not abate, or be dismissed, in consequence of such insolvency, but the plaintiff may proceed to trial and judgment; no execution shall issue on such judgment against such insolvent estate; but it shall and may be filed as a claim against the *315 estate of such testator or intestate, any thing contained in the 103d section of the act to which this is an amendment to the contrary notwithstanding.”
It is contended that .this act imposed on the defendant the duty of notifying the commissioners of insolvency of the pendency of the plaintiffs’ action against him as administrator, “ in order that they might make their allowance, and report in view of such probable claim;” and, as the commissioners disregarded this claim, although it was before them, that it was the duty of defendant, upon presentation of the report to the probate court, to have insisted upon a correction thereof in that respect, so as to have protected plaintiffs.
To comprehend fully the purport of this statute, and to estimate properly the truth of these positions, we must recur to the act of which it was an amendment. That act (Hutch. Dig. 668, § 103) provided that no action should be commenced or sustained against an executor or administrator of an insolvent estate, after the decree of insolvency. Suits “ for debts due .for the last sickness and funeral expenses of the deceased ” were excepted. A further exception was made, with the consent of the executor or administrator, as to actions brought on claims the validity of which was objected to.
The object of the amendatory act is too plain to be mistaken. By the previous act of 1S21, actions pending against executors and administrators, abated upon the decree of insolvency, unless the executor or administrator should consent to have the claim tested by trial at law, instead of the decision of the commissioners. This statute prevented the abatement of suits thus situated, and secured to the creditor the privilege of establishing his claim by the judgment of the court where his action had been commenced, if he should elect to do so instead of submitting it to the arbitrament of the commissioners. These appear to have been the sole objects of the law. A creditor of an insolvent estate thus situated is not compelled by the statute to prosecute his claim to judgment. He may, if he should choose to do so, dismiss his suit and present his claim to the commissioners. Or he may do so without dismissing; but in neither case would he be entitled to an allowance for his costs.
*316 If we have given a proper construction of this statute, the plaintiffs labored under no restriction which prevented them from presenting their claim to the commissioners; they therefore cannot claim an exemption from the consequences of their neglect to do so. Much less can the pretence be sustained that the defendant is responsible for the loss of their demand. They were presumed to have had notice of the fact that the estate of their debtor had been declared insolvent, and of the appointment of the commissioners. If they were not bound to present their claim, the action of the commissioners would not have barred it. If they were not bound to appear in the probate court and contest the report of the commissioners, because their claim had not then been established by judgment in the circuit court, the decree confirming the report could not exclude their demand, unless such a privity existed between them and the defendant as the administrator of Bostwick’s estate, that a decree binding on him would be conclusive as to them. But there can be no ground for such an assumption, for the relation which subsisted between them as to this claim was that of plaintiff and defendant, and not of trustee and cestui que trust.
But it is insisted that the questions here examined were decided by this court in the case between the same parties reported in 12 S. & M. 575. In answer to this position it is sufficient to observe, that the only question decided in that case was as to the conclusive character of the decree of the probate court confirming the report of the commissioners of insolvency on the estate of Bostwick. The judgment of the court in that case was correct, and meets with our unqualified approval; but points were discussed by the judge who delivered the opinion, which were not involved in the case. The reasons assigned for the conclusion arrived at were not concurred in, and are not to be regarded as authority.
Let the judgment be affirmed.
Mr. Chief Justice Sharkey
: I think the foregoing decision in conflict with the previous decision in the same case, and therefore do not concur in it.
*317 Mr. Justice Clayton
: I desire to say but a word in explanation of my concurrence in the present opinion. In my view it is not in conflict with the former decision, though opposed to some of its reasoning. I could not have dissented from the former decision, because in my judgment it was right. To obviate the necessity of any dissent from the mere reasoning, the expression was added, “ as to this, we reserve an unqualified opinion.” The present case raises the very point which was thus reserved, and which was left open by the former decision. It is, in my view, therefore, no authority on the present occasion, and leaves me at liberty to follow the opinion which I did then and do now entertain.
I have no disposition to trench upon the former decisions of this court, and endeavor sedulously to guard against it.